**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS DASTAS, :
: Civil Action No. 14-4239 (MAS)
:
Plaintiff, :
:
v. : **OPINION**
:
MARTA FRANCO, :
:
Defendant. :

**APPEARANCES:**

    LUIS DASTAS, Plaintiff pro se
    #30011
    Middlesex County Adult Correctional Center
    P.O. Box 266
    New Brunswick, New Jersey 08903

**SHIPP**, District Judge

    Plaintiff, Luis Dastas, a state inmate confined at the Middlesex County Adult Correctional Center in New Brunswick, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action *in forma pauperis*. Based on Plaintiff's affidavit of indigence, the Court will grant Plaintiff's application to proceed pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. For the reasons set forth below, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff, Luis Dastas ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendant Marta Franco, Plaintiff's ex-girlfriend. Plaintiff alleges that in March 2014, he and Defendant engaged in sexual intercourse that resulted in Defendant transmitting to Plaintiff a sexual disease. Plaintiff complains that he experiences burning pain upon urination and masturbation despite treatment of a medical prescription. (ECF No. 1, Complaint at ¶ 6.)

Plaintiff seeks $2,000 in monthly compensatory damages from Defendant. (*Id.* at ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Accordingly, because Plaintiff is a prisoner proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, 527 F. App'x 145, 147 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159,

162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1, Compl. at ¶ 1.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  *See also* *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

This Complaint must be dismissed with prejudice, in its entirety, as against Defendant Marta Franco, for failure to state a claim, because Defendant is not, and was not at the time of the incident alleged, a person acting under color of state law.  The Complaint fails to allege any facts to show that this Defendant was a state actor, and indeed, Plaintiff readily admits that Defendant is his ex-girlfriend.  Plaintiff asserts no other claims and names no other party defendant in his Complaint that would allow this action to proceed in any part under § 1983.

## IV. <u>CONCLUSION</u>

Therefore, for the reasons set forth above, the Complaint is dismissed with prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a cognizable claim for relief under 42 U.S.C. § 1983.  An appropriate order follows.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
United States District Judge

Dated: 7/8/14